## Frank Ledl, Appellee, v. Chicago Railways Company, Appellant.

## Gen. No. 16,052.

VERDICTS—*when not disturbed as against the evidence.* A verdict will not be disturbed as against the evidence unless clearly and manifestly so.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the HON. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed February 6. 1912. *Certiorari* denied by Supreme Court (making opinion final).

JOHN A. ROSE and FRANK L. KRIETE, for appellant; W. W. GURLEY, of counsel.

BRADY & LEVY, for appellee; C. STUART BEATTIE, of counsel.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This action was brought by Frank Ledl against the Chicago Railways Company, appellant, to recover damages for personal injuries.

Plaintiff's declaration contains three counts. The first count avers that the defendant was negligent in that by means of its snow-sweeper it threw the snow from its tracks into a high pile or ridge of snow, which sloped down toward the tracks, and negligently permitted the high pile or ridge of snow to remain; that the pile or ridge of snow had become frozen and otherwise packed hard and slippery so as to expose passengers, in alighting from defendant's cars, to great danger of slipping or falling thereon, and thereby slipping back to and upon said track of the defendant; that when the car on which the plaintiff was a passenger was approaching Marshfield avenue, the plaintiff requested defendant's motorman to stop the car at Marshfield avenue to permit him to alight, the motorman carelessly, recklessly, negligently and wrongfully managed and operated the car, and through such negligent, careless and wrongful conduct of the defendant in that regard, the plaintiff was thrown to and upon the pile or ridge of snow and thence upon the track and under one of the wheels of said car and was thereby injured.

The second count alleged that the motorman so carelessly, recklessly and negligently operated and managed the car of defendant that the plaintiff, intending to alight at the crossing or intersection of Marshfield avenue with West Division street, while in the exercise of ordinary care and caution for his safety, was caused to fall from the car and was thereby injured.

The third count is similar to the first, except that it sets out an ordinance of the city of Chicago and charges a breach thereof. The ordinance requires de-

fendant to remove all dirt and snow and other accumulations from so much of the surface of the streets containing their railway tracks as lie between the outermost rails of said tracks, and also from such additional surface in width as may be prescribed in any ordinance relating to or affecting any such street, and remove the same from and out of such street.

The defendant pleaded the general issue, and the cause was tried upon the issues thus made.

Appellant's contention is that the verdict is against the weight of the evidence; that the court erred in instructing the jury on behalf of the plaintiff, and in refusing instructions requested on behalf of the defendant, and in its rulings on evidence.

We have considered carefully the testimony and evidence introduced in the cause, and we find in it considerable conflict as to the alleged negligence in handling the car, and upon the question whether the motorman so managed the car as to produce an unnecessary jolt or jerk of the car whereby it is alleged that the plaintiff was thrown from the car into the street and injured. Considering the testimony in all its bearings, we are not convinced that the verdict of the jury is manifestly and clearly against the weight of the evidence. Consideration must be given, under such circumstances, to the superior opportunities of the trial judge and jury over this court, sitting as a court of review, for determining the credibility of the witnesses. We are disposed to allow the verdict of the jury to stand for the reasons above stated. It does not appear to be manifestly and clearly against the weight of evidence and, under the law, unless this appears we are not authorized to interfere.

Objections are urged to the third and fifth instructions given at the request of the plaintiff. We find no material error in these instructions. The objections are technical rather than substantial. The jury

could not have been misled by the instructions.

It is also urged that the court erred in refusing to give the eleventh instruction requested by the defendant. In our opinion the instruction was properly refused for the reason that it contained at least one contention, or element, not supported by the evidence.

Our attention is called to several rulings on evidence in which the appellant contends the trial court erred. Upon a careful examination of these rulings in connection with the evidence we find no material error.

The judgment of the Superior Court is affirmed.

*Judgment affirmed.*